1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2
3  THOMAS A. COLTHURST (CABN 99493)
   Chief, Criminal Division
4
   MAIA T. PEREZ (MABN 672328)
5  Assistant United States Attorney
        150 Almaden Blvd., Suite 900
6       San Jose, California 95113
        Telephone: (408) 535-5061
7       Facsimile: (408) 535-5066
        Email: maia.perez@usdoj.gov
8
9
   Attorneys for United States of America
10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

14 | UNITED STATES OF AMERICA,         ) CASE NO. CR 18-613 BLF
                                       )
15 |        Plaintiff,                 )
                                       ) MOTION TO DISMISS PETITIONER'S MOTION
16 |   v.                              ) TO VACATE, SET ASIDE, OR CORRECT HIS
                                       ) SENTENCE PURSUANT TO 28 U.S.C. § 2255
17 | DONACIANO ANTONIO RENTERIA,       )
                                       )
18 |        Defendant-Petitioner.      )
                                       )
19 |_____)

20

21

22

23

24

25

26

27

28

MTN. TO DISMISS PET.'S 28 U.S.C. § 2255 MTN
CR 18-613 BLF

TABLE OF CONTENTS

FACTUAL AND PROCEDURAL BACKGROUND……………………………………………………1

    I.    Petitioner's Offense Conduct………………………………………………………….1

    II.    Procedural History…………………………………………………………………….1

ARGUMENT……………………………………………………………………………………..3

    I.    Grounds One & Three Should Be Dismissed Because The Court Lacks Jurisdiction To Grant Credit For Time Served And Petitioner Has Not Exhausted Administrative Remedies….......4

        A.  Legal Basis……………………………………………………………………..4

        B.  Petitioner Cannot Be Granted Relief Because He Has Filed the Wrong Motion in the Wrong Venue and Has Not Exhausted His Administrative Remedies……………………5

    II.    Ground Five Should Be Dismissed Because The Court Lacks Jurisdiction to Modify A Sentence Based On Pending Legislation…………………………………………...6

        A.  Legal Basis……………………………………………………………………..6

        B.  The MORE Act is not a Validly Enacted Federal Law…………………………...7

    III.    Petitioner's § 2255 Claims Are Procedurally Barred And Must Be Dismissed…………...8

        A.  Legal Basis……………………………………………………………………...8

        B.  Petitioner's Grounds Four, Five & Six are Procedurally Barred Because He Has Not Alleged Facts to Justify His Failure To Appear……………………………………...9

        C.  Petitioner's Grounds One, Two & Three Do Not Establish Ineffective Assistance of Counsel and Should Be Dismissed……………………………………..…..12

CONCLUSION…………………………………………………………………………………..14

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*,
 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) .................................................................. 4
*Balistreri v. Pacifica Police Dep't*,
 901 F.2d 696 (9th Cir. 1990) ............................................................................................................. 4
*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .................................................................. 4
*Bernal v. United States*,
 2020 U.S. Dist. LEXIS 16541, 2020 WL 497152 (D. Idaho Jan. 30, 2020) ......................................... 6
*Bradford v. Davis*,
 923 F.3d 599 (9th Cir. 2019) .............................................................................................................. 9
*Brown v. United States*,
 610 F.2d 672 (9th Cir. 1980) .............................................................................................................. 6
*Camacho-Salazar v. United States*,
 2014 U.S. Dist. LEXIS 64034, *1 (E.D.C.A. May 6, 2014) ................................................................. 7
*Coleman v. Thompson*,
 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) .................................................................. 8
*Fowler v. United States*,
 2011 U.S. Dist. LEXIS 38891 (C.D. Cal. Feb. 10, 2011) .................................................................. 6
*Fraley v. U.S. Bureau of Prisons*,
 1 F.3d 924 (9th Cir. 1993) .................................................................................................................. 5
*Greer v. United States*,
 141 S. Ct. 2090 (2021) ...................................................................................................................... 10
*Hernandez v. Campbell*,
 204 F.3d 861 (9th Cir. 2000) .............................................................................................................. 6
*Hill v. Lockhart*,
 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) ....................................................................... 9
*In re Wilshire Courtyard*,
 729 F.3d 1279 (9th Cir. 2013) ............................................................................................................ 3
*Jones v. Am. Postal Workers Union*,
 192 F.3d 417 (4th Cir. 1999) .............................................................................................................. 3
*Kokkonen v. Guardian Life Ins. Co. of America*,
 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) .................................................................. 3
*Manning v. Foster*,
 224 F.3d 1129 (9th Cir. 2000) ............................................................................................................ 8
*Martinez v. Roberts*,
 804 F.2d 570 (9th Cir. 1986) .......................................................................................................... 5, 8
*Massaro v. United States*,
 538 U.S. 500 (2003), 123 S. Ct. 1690, 155 L. Ed. 2d 714 ............................................................. 8, 9
*Mathis v. United* States,
 2021 WL 1783285 (D.N.J. May 5, 2021) ......................................................................................... 13
*Murray v. Carrier*,
 477 U.S. 478 (1986) ............................................................................................................................ 9
*Muth v. Fondren*,
 676 F.3d 815 (9th Cir. 2012) .......................................................................................................... 4, 5

MTN. TO DISMISS PET.'S 28 U.S.C. § 2255 MTN
CR 18-613 BLF

*Savage v. Glendale Union High Sch.*,
    343 F.3d 1036 (9th Cir. 2003) .................................................................................................. 4
*St. Clair v. City of Chico*,
    880 F.2d 199 (9th Cir. 1989) ..................................................................................................... 4
*Stephens v. Herrera*,
    464 F.3d 895 (9th Cir. 2006) ..................................................................................................... 5
*Stevenson v. United States,*
    495 F.Supp.2d 663 (E.D. Mich. 2007) ....................................................................................... 6
*Strickland v. Washington*,
    466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) ............................................. 9, 13, 14
*Sunal v. Large*,
    332 U.S. 174, 67 S. Ct. 1588, 91 L. Ed. 1982 (1947) ............................................................... 9
*Thornhill Pub. Co. v. General Tel. & Electronics Corp.*,
    594 F.2d 730 (9th Cir. 1979) ..................................................................................................... 4
*UMG Recordings, Inc. v. Shelter Capital Partners, LLC*,
    718 F.3d 1006 (9th Cir. 2013) ................................................................................................... 4
*United Farm Workers of Am. v. Arizona Agr. Emp. Rel. Bd.*,
    669 F.2d 1249 (9th Cir. 1982) ................................................................................................... 5
*United States v. Barranco-Flores*,
    2012 U.S. Dist. LEXIS 29095, 2012 WL 715238 (D. Ariz. Mar. 6, 2012) ............................... 8
*United States v. Boglin*,
    2022 U.S. Dist. LEXIS 15582, *8 (E.D. Pa. Jan. 28, 2022) ..................................................... 11
*United States v. Braswell*,
    501 F.3d 1147 (9th Cir. 2007) ................................................................................................... 8
*United States v. Burke,*
    823 Fed. Appx. 777 (11th Cir. Aug. 7, 2020) .......................................................................... 10
*United States v. Drake*,
    49 F.3d 1438 (9th Cir. 1995) ..................................................................................................... 6
*United States v. Giddings*,
    740 F.2d 770 (9th Cir. 1984) .................................................................................................. 5, 6
*United States v. Guess*,
    203 F.3d 1143 (9th Cir. 2000) ................................................................................................... 8
*United States v. Howard*,
    2021 U.S. Dist. LEXIS 241122, *13-14 (D. Nev. Dec. 16, 2021) ........................................... 10
*United States v. Iqbal*,
    556 U.S. 658 .............................................................................................................................. 4
*United States v. Lara-Nausa*,
    2011 U.S. Dist. LEXIS 67757, 2011 WL 2610559 (S.D.N.Y. June 21, 2011) ......................... 8
*United States v. McLaughlin,*
    2022 U.S. Dist. LEXIS 107922, *21 (M.D. Pa. June 16, 2022) .............................................. 14
*United States v Rehaif*
    139 S. Ct. 2191 (2019) ......................................................................................................... 2, 11
*United States v. Schaflander*,
    743 F.2d 714 (9th Cir. 1984) ..................................................................................................... 4
*United States v. Singh*,
    979 F.3d 697 (9th Cir. 2020) ................................................................................................... 11
*United States v. Smith*,
    2021 U.S. Dist. LEXIS 34022, *8-10 (D. Nev. Feb. 24, 2021) ............................................... 11

*United States v. Thomas*,
   135 F.3d 873 (2d Cir.1998) .................................................................................................... 7
*United States v. Velasco*,
   2009 U.S. Dist. LEXIS 98935, 2009 WL 3424187 (N.D. Ok. Oct. 23, 2009) ...................... 8
*United States v. Welch*,
   578 U.S. 120 (2016) .............................................................................................................. 14
*United States v. Whitmire*,
   2020 WL 4333480 (S.D.Oh. July 28, 2020) ........................................................................ 13
*United States v. Wilson*,
   503 U.S. 329 (1992) ................................................................................................................ 5
*United States v. Withers*,
   638 F.3d 1055 (9th Cir. 2011) ................................................................................................ 4

Statutes

18 U.S.C. § 922(g) ........................................................................................................................ 2
18 U.S.C. § 922(g)(1) ............................................................................................................... 1, 2
18 U.S.C. § 3582(c)(1)(A) (2009) ................................................................................................ 7
18 U.S.C. § 3585(b) ..................................................................................................................... 6
21 U.S.C. § 841(a)(1).............................................................................................................. 1, 2
28 U.S.C. § 2241 ...................................................................................................................... 5, 6
28 U.S.C. § 2255 ................................................................................................................... passim

Rules

Federal Rule of Civil Proceudre 12(h)(3) ................................................................................... 3
Federal Rule of Civil Procedure 12(b)(1) ............................................................................... 3, 4
Federal Rule of Civil Procedure 12(b)(6) .................................................................................... 4
USSG § 2K2.1(b)(6)(B) ..................................................................................................... 2, 3, 12

The United States of America, by and through its undersigned attorney, respectfully submits this motion to dismiss petitioner Donaciano Antonio Renteria's Motion Under 28 U.S.C. § 2255 for the reasons stated in the accompanying brief. The government has elected to bring this Motion to Dismiss in the interests of judicial economy and to streamline the issues before the Court, so that the Court need address these issues on the merits only if necessary to do so.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Petitioner's Offense Conduct

On July 23, 2018, San Jose Police (SJPD) officers discovered two loaded firearms, a fully loaded high-capacity pistol magazine capable of holding more than 28 rounds of ammunition, and bag containing more than two pounds (945.11g) of marijuana in Petitioner's vehicle while he was on probation for a prior offense. ECF 44, *Revised Presentence Investigation Report* at ¶¶ 8-10, 17. During the incident, Petitioner fled on foot into a local residence that belonged to his colleague. *Id.* ¶ 10. Based on Petitioner's possession of firearms and the belief he was still in possession of a firearm, the SJPD Mobile Emergency Response Group Unit was requested to assist with a barricade. *Id.* ¶ 12. Officers attempted to contact Petitioner via phone but he hung up, and the SJPD Armored Rescue Vehicle used its Public Announcement System and siren to call out for Petitioner. *Id*. After receiving no response, officers had to ramp open the door of the residence and break out fence boards on surrounding properties. *Id.* ¶ 14. Petitioner was finally apprehended after SJPD deployed gas into the residence, but there was significant damage to his colleague's home and surrounding properties, including damage to the residence's attic where the flammable gas devices ignited the insulation. *Id.* ¶ 15.

### II. Procedural History

On December 20, 2018, a grand jury in the Northern District of California returned an Indictment charging Donaciano Antonio Renteria ("Petitioner") with one count of being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1), and one count of Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1). ECF 1. The § 922(g)(1) count charged Petitioner with possession of two firearms and three types of ammunition. Petitioner retained Robert Lyons as counsel.

On June 21, 2019, the Supreme Court held in *United States v. Rehaif* that in proving a violation of 18 U.S.C. § 922(g), the government must show both that a defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons prohibited from possessing a firearm. *Id.*, 139 S. Ct. 2191 (2019).

On August 8, 2019, the grand jury returned a Superseding Indictment charging Petitioner with one count of being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1), and one count of Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). ECF 9. The § 922(g)(1) count charged Petitioner with possession of two firearms and 33 rounds of ammunition. *Id.* It further alleged that Petitioner committed the offense "knowing he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year." *Id.*

On November 20, 2019, Petitioner entered an open plea of guilty to both counts in the Superseding Indictment before the Hon. Lucy H. Koh. ECF 15. The open plea was made pursuant to an open plea filing made two days earlier, which set forth the elements, maximum penalties, factual basis and waiver of Petitioner's rights. ECF 14. On October 21, 2020, Petitioner appeared for a sentencing hearing, but requested a Spanish language interpreter for further proceedings. ECF 33. Judge Koh did not sentence Petitioner at that time. *Id.*

On November 5, 2020, Petitioner was arraigned on the Superseding Indictment with the assistance of a Spanish language interpreter. ECF 34. On March 17, 2021, Petitioner entered an open plea of guilty to both counts in the Superseding Indictment with a Spanish language interpreter. ECF 43. In its Revised Presentence Investigation Report issued on April 28, 2021, Probation calculated that Petitioner had a base offense level of 22, with a four-level enhancement under USSG § 2K2.1(b)(6)(B) for possessing a firearm in connection with intent to distribute 966.8 grams of marijuana, another felony offense, and a three-level deduction for acceptance of responsibility. ECF 44 at ¶¶ 28-37. Probation further calculated that Petitioner therefore had a total offense level of 23, with criminal history category VI, making his Guidelines range 92 months to 115 months. *Id.* at *Revised Sentencing Recommendation*.

On May 12, 2021, using a Spanish language interpreter, Judge Koh sentenced Petitioner to 58 months in BOP custody as to each count, to be served concurrently, as well as three years' supervised

MTN. TO DISMISS PET.'S 28 U.S.C. § 2255 MTN
CR 18-613 BLF
2

1  release. ECF 47. Judgment was issued on May 13, 2021. ECF 48. ▮

2  ▮

3  ▮

4  ▮

5  ▮

6  ▮

7  ▮

8      Petitioner did not file a direct appeal in the Ninth Circuit. The instant Motion Under 28 U.S.C. §
9  2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Motion") was filed
10 on April 15, 2022. ECF 50. Thereafter, the parties litigated the issue of waiver of attorney-client
11 privilege. ECF 56, 57. On June 14, 2022, the Court granted the government's motion for a limited waiver
12 and ordered the government to respond to Petitioner's § 2255 Motion by July 29, 2022. ECF 61.
13 Petitioner is currently in custody at FCI Herlong, in Herlong, California.
14 *htttps://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results* (visited 6/27/2022).

### ARGUMENT

16     Petitioner's § 2255 Motion should be dismissed because he procedurally defaulted his claims by
17 failing to file a direct appeal. Certain claims should also be dismissed because the Court lacks jurisdiction
18 and Petitioner did not exhaust his administrative remedies before filing.

19     A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter
20 jurisdiction of the court. Whether subject matter jurisdiction exists is a threshold question that must be
21 addressed before considering the merits of the case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417,
22 422 (4th Cir. 1999); *see* Fed. R. Civ. P. 12(h)(3) ("[I]f the court determines at any time that it lacks
23 subject-matter jurisdiction, the court must dismiss the action."). The petitioner bears the burden of
24 establishing the court has subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of
25 America*, 511 U.S. 375, 376-78, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (noting that it is to be
26 presumed that a cause lies outside limited federal court jurisdiction and the burden of establishing
27 jurisdiction rests upon the party asserting jurisdiction); *In re Wilshire Courtyard*, 729 F.3d 1279, 1284

28

MTN. TO DISMISS PET.'S 28 U.S.C. § 2255 MTN
CR 18-613 BLF

(9th Cir. 2013) ("The burden of establishing subject matter jurisdiction rests on the party asserting that the court has jurisdiction."). Consequently, a Rule 12(b)(1) motion will be granted if the petition fails to allege facts sufficient to establish subject matter jurisdiction. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003), cert. denied, 541 U.S. 1009, 124 S. Ct. 2067, 158 L. Ed. 2d 619 (2004); *Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Alternatively, a respondent may seek dismissal under Rule 12(b)(1) by presenting factual evidence to refute the jurisdictional facts alleged in the petition. *Savage*, 343 F.3d at 1039, n. 2.  Once respondent has introduced such evidence, the petitioner "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-63, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In determining whether a hearing and findings of fact and conclusions of law are required, '[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief can be granted.'" *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). In considering a motion to dismiss, a court need not accept as true a complaint's legal conclusions, unwarranted inferences, unreasonable conclusions, or arguments. *See Iqbal*, 556 U.S. at 658, 677-79. A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

### I. Grounds One & Three Should Be Dismissed Because The Court Lacks Jurisdiction To Grant Credit For Time Served And Petitioner Has Not Exhausted Administrative Remedies

#### A. Legal Basis

Generally, a motion under 28 U.S.C. § 2255 is the "exclusive remedy for a prisoner who seeks to challenge the legality of confinement." *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012) (citing

*Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006)).  However, a claim challenging sentencing credit for time held in federal custody effecting a petitioner's total confinement time seeks review of the execution of a sentence, rather than review of the district court's imposition of the sentence under 28 U.S.C. § 2255.  *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984).  "Review of an execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241."  *Id.*

A petition for writ of habeas corpus challenging the execution of a sentence pursuant to 28 U.S.C. § 2241 "must be filed in the district where the petitioner is confined."  *Muth*, 676 F.3d at 818.  Federal prisoners generally must exhaust administrative remedies prior to filing a habeas petition pursuant to 28 U.S.C. § 2241.  *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *see also United States v. Wilson*, 503 U.S. 329, 335 (1992).  However, "[e]xhaustion of administrative remedies is not required where the remedies are inadequate, inefficacious, or futile, where pursuit of them would irreparably injure the [petitioner], or where the administrative proceedings themselves are void."  *United Farm Workers of Am. v. Arizona Agr. Emp. Rel. Bd.*, 669 F.2d 1249, 1253 (9th Cir. 1982); *see also Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993).

### B. Petitioner Cannot Be Granted Relief Because He Has Filed the Wrong Motion in the Wrong Venue and Has Not Exhausted His Administrative Remedies

Petitioner has filed a Motion to Vacate, Set Aside, or Correct his sentence under § 2255.  In Grounds One and Three, Petitioner is not requesting to vacate, set aside, or correct his sentence, but instead to give him credit for time he purportedly served.  ECF 50 at 3-5, 9-10.  This remedy cannot be sought in a § 2255 motion and Grounds One and Three should therefore be dismissed.

Petitioner contends in Ground One that Mr. Lyons provided ineffective assistance by "fail[ing] to argue for time credits" at sentencing.  ECF 50 at 3-5.  Petitioner "now asks this court to remand sentencing in part, to address this overlooked issue."  *Id.*

Similarly, in Ground Three, Petitioner argues that time he spent on electronic monitoring while in state custody "should and is nearly always applied as credits towards any sentence imposed."  *Id.*, at 10.  Petitioner again asserts that Mr. Lyons failed to raise this argument at sentencing, and he asks this court to "remand his sentencing to address this issue."  *Id.*

Claims seeking credit for time served are not proper grounds for attacking a federal sentence

MTN. TO DISMISS PET.'S 28 U.S.C. § 2255 MTN
CR 18-613 BLF

under 28 U.S.C. § 2255. "[C]redit for time served is ... a matter which generally falls within the province of the Bureau of Prisons under 18 U.S.C. § 3585(b)." *United States v. Drake*, 49 F.3d 1438, 1440 (9th Cir. 1995). An argument that a defendant is entitled to additional credit for time served constitutes a challenge to the execution of the sentence, rather than a challenge to the sentence itself. *Giddings*, 170 F.2d at 772. In such situations, a prisoner is required to petition for writ of habeas corpus under 28 U.S.C. § 2241. *Id.*

Because a "petition under § 2241 must be addressed to the district court which has jurisdiction over [the petitioner] or his custodian," Petitioner's § 2241 motion should be filed in the United States District Court for the Eastern District of California, where he resides while incarcerated at FCI Herlong. *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980). Petitioner's *pro se* status does not excuse this misfiling. *See Stevenson v. United States,* 495 F.Supp.2d 663, 665-666 (E.D. Mich. 2007) (petitioner's *pro se* filing for time credit in the jurisdiction where he was sentenced rather than where he is in custody "is more than a technical error, and the Court cannot ignore it."). *See also, Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (a federal court may not entertain an action over which it has no jurisdiction).

In addition, Petitioner has not presented any evidence that he has exhausted his administrative remedies, nor has he shown that the Bureau of Prisons administrative remedies available to him are inadequate, inefficacious, futile or injurious.

For the foregoing reasons, Petitioner's Grounds One and Three seeking credit for time served should be dismissed. *See Bernal v. United States,* 2020 U.S. Dist. LEXIS 16541, 2020 WL 497152 (D. Idaho Jan. 30, 2020) (dismissing § 2255 motion where petitioner alleged that his counsel did not properly account for his custodial time at sentencing and petitioner sought credit for time served); *Fowler v. United States*, 2011 U.S. Dist. LEXIS 38891 (C.D. Cal. Feb. 10, 2011) (dismissing § 2241 motion because petitioner had failed to first exhaust his administrative remedies).

## II. Ground Five Should Be Dismissed Because The Court Lacks Jurisdiction to Modify A Sentence Based On Pending Legislation

### A. Legal Basis

Pending legislation provides no basis for the modification of a sentence. Only laws that have

1  "passed the House of Representatives and the Senate" and have been approved by the President of the
2  United States are "laws of the United States" made pursuant to the United States Constitution. U.S. Const.
3  art. I, § 7; U.S. Const. art. VI.  In exercising its legislative authority, "Congress has imposed stringent
4  limitations on the authority of courts to modify sentences, and courts must abide by those strict
5  confines." *United States v. Thomas*, 135 F.3d 873, 876 (2d Cir.1998).  Congress has permitted the district
6  courts to modify a sentence upon the motion of the Director of the Bureau of Prisons, 18 U.S.C. §
7  3582(c)(1)(A) (2009), or when authorized either by federal statute or Rule 35 of the Federal Rules of
8  Criminal Procedure, *id*. § 3582(c)(1)(B).

### B. The MORE Act is not a Validly Enacted Federal Law

Petitioner contends in Ground Five that pending Congressional legislation decriminalizing marijuana requires his resentencing.  ECF 50 at 13-14.  Petitioner points to the recent passage of the Marijuana Opportunity, Reinvestment and Expungement (MORE) Act by the House of Representatives.  He admits that the bill still needs Senate approval, but argues that passage "is all but assured" and that this Court should "pre-emptively remand and vacate this petitioners sentence to address these substantial issues." *Id.*

The MORE Act was proposed in the 117th Congress on May 28, 2021.  It would remove marijuana from the list of scheduled substances under the Controlled Substances Act and eliminate criminal penalties for an individual who manufactures, distributes or possesses marijuana.  Although the proposed bill would establish a process to expunge convictions and conduct sentencing review hearings related to federal cannabis offenses, this Act has not yet been passed in the Senate.  It is currently referred to the Senate Committee on Finance for review.  *See* Summary of H.R.3617 – 117th Congress (2021-2022), *https://www.congress.gov/bill/117th-congress/house-bill/3617* (visited on 6/27/22).

There is no statute that grants the district courts the authority to modify a sentence on the grounds cited by Petitioner, *i.e*., proposed legislation that has never been enacted into law.  Likely because the legislation cited by Petitioner is not law, the government has so far been unable to identify any reported decisions dealing with MORE Act claims such as Petitioner's.  However, numerous district courts have found that they lack jurisdiction to proceed upon claims based on other pending legislation. *Camacho-*

*Salazar v. United States*, 2014 U.S. Dist. LEXIS 64034, \*1 (E.D.C.A. May 6, 2014) (denying defendant's motion for early release under the Federal Bureau of Prisons Nonviolent Offender Relief Act of 2003, H.R. 3575, 108th Cong. (2003), because the bill had not been passed by both Houses of Congress and approved by the President and was therefore not a validly enacted federal law). *See also United States v. Barranco-Flores*, 2012 U.S. Dist. LEXIS 29095, 2012 WL 715238, \*1 (D. Ariz. Mar. 6, 2012); *United States v. Lara-Nausa*, 2011 U.S. Dist. LEXIS 67757, 2011 WL 2610559, \*1 (S.D.N.Y. June 21, 2011); *United States v. Velasco*, 2009 U.S. Dist. LEXIS 98935, 2009 WL 3424187, \*1 (N.D. Ok. Oct. 23, 2009). It is further notable that because no finalized law has been passed, it is far from clear which version of the bill will prevail and whether the final bill will be retroactive to Petitioner's case.

Because there is no validly enacted federal law that supports Petitioner's MORE Act claim, and pending legislation provides no basis for modification of Petitioner's sentence, Petitioner's Ground Five should be dismissed.

**III.     Petitioner's § 2255 Claims Are Procedurally Barred And Must Be Dismissed**

**A.     Legal Basis**

The general rule of the procedural bar doctrine is "that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice," *Massaro v. United States*, 538 U.S. 500, 504 (2003), 123 S. Ct. 1690, 155 L. Ed. 2d 714, or the petitioner can show he is actually innocent. *United States v. Guess*, 203 F.3d 1143, 1145 (9th Cir. 2000); *Manning v. Foster*, 224 F.3d 1129, 1132-33 (9th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)). This is because "habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Id.* at 621 (citation omitted). Accordingly, "most claims are procedurally defaulted by both federal and state prisoners in habeas proceedings when not raised on direct appeal, absent a showing of cause and prejudice or actual innocence." *United States v. Braswell*, 501 F.3d 1147, 1149 n.1 (9th Cir. 2007).

A petitioner may show cause by demonstrating "that the procedural default is due to an 'objective factor' that is 'external' to the [petitioner] and that 'cannot be fairly attributed to him.'" *Manning*, 224 F.3d at 1133 (quoting *Coleman*, 501 U.S. at 731-32). Cause may exist when "the factual or legal basis for

a claim was not reasonably available to counsel" at the time a direct appeal was filed or could have been filed. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Attorney ignorance or inadvertence is not cause." *Bradford v. Davis*, 923 F.3d 599, 612 (9th Cir. 2019) (internal citation and quotation marks omitted). In the context of a guilty plea, prejudice requires that a petitioner demonstrate "a reasonable probability that, but for [the] errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

Courts have made an exception for ineffective assistance of counsel claims, which may be brought in a § 2255 proceeding even if not asserted in a petitioner's direct appeal. *See Massaro*, 538 U.S. at 504-05. To establish ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). There is "a strong presumption" that counsel's conduct was reasonable and that counsel's representation did not fall below "an objective standard of reasonableness" under "prevailing professional norms." *Id*. at 688. Even if a petitioner can overcome the presumption of effectiveness, the petitioner must still demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction," judicial scrutiny of counsel's performance is highly deferential. *Id*. at 689.

### B. Petitioner's Grounds Four, Five & Six are Procedurally Barred Because He Has Not Alleged Facts to Justify His Failure to Appeal

Petitioner has procedurally defaulted his § 2255 claims because he did not pursue a direct appeal and he has not shown cause or prejudice, or alleged actual innocence, to excuse the default. Indeed, when given the opportunity to explain why he failed to appeal, Petitioner states that "raising the issues with this § 2255 motion will have the same effect." ECF 50, at 5, 9, 16. This is not sufficient to meet Petitioner's burden to show cause, and his claim must fail. *Sunal v. Large*, 332 U.S. 174, 178, 67 S. Ct. 1588, 91 L. Ed. 1982 (1947) ("So far as convictions obtained in the federal courts are concerned, the general rule is that the writ of habeas corpus will not be allowed to do service for an appeal.").

//

1. *Ground Four – Due Process Violation*

Turning first to the his non-ineffective assistance claims, Petitioner alleges in Ground Four that his due process rights were violated because (1) "he never signed a plea agreement, and therefore was never made aware of any conditions under which he was no longer allowed to possess a firearm," (2) the Information (presumably, Petitioner means the charging document) failed to allege Petitioner knew he was a felon, (3) the sentencing court did not fully advise him of the government's burden to prove Petitioner knew he was a prohibited person, and (4) Petitioner suffered from a language barrier because his primary language is Spanish.  ECF 50, at 9(a).

Petitioner does not attempt to allege that the basis for this claim was not available to counsel or that any external factor prevented him from bringing this claim on direct appeal.  As he pled guilty to the offense of Felon in Possession, and his arraignment, change of plea and sentencing were all conducted with the assistance of a Spanish language interpreter, Petitioner was aware that he was charged as being a felon and he failed to dispute his status as a convicted felon in the district court and on direct appeal.

Petitioner also fails to show prejudice.  The record establishes that the government would have been able to prove beyond a reasonable doubt that Petitioner knew that he was a felon at the time he possessed the firearm and ammunition:  Petitioner had sustained six prior felony convictions and had previously been sentenced to four years in jail. ECF 44 ¶¶ 40-57.  The Supreme Court has found that multiple prior felony convictions "are substantial evidence that [defendants] knew they were felons."  *Greer v. United States*, 141 S. Ct. 2090 (2021). *See also United States v. Howard*, 2021 U.S. Dist. LEXIS 241122, *13-14 (D. Nev. Dec. 16, 2021) (defendant cannot show prejudice because government could prove he had seven felony convictions, six which resulted in a sentence of more than a year); *United States v. Burke,* 823 Fed. Appx. 777, 779 (11th Cir. Aug. 7, 2020) (record clearly demonstrated that defendant knew he was a felon because the stipulation and PSR establish defendant had five prior felonies and was sentenced to multiple years' confinement on two convictions).

Petitioner further fails to allege actual innocence of the crime.  Although Petitioner argues that he "was never made aware of any conditions under which he was no longer allowed to possess a firearm," and that he "didn't even comprehend that this [sic] previous crime would prevent him from any gun

ownership," he never alleges that he did not know he was a *convicted felon*. *United States v. Rehaif* requires only that a petitioner "knew he belonged to the relevant category of persons barred from possessing [a firearm and ammunition]," 139 S. Ct. at 2200. *Rehaif* does not require the government to also prove that a petitioner knew his or her status prohibited ammunition ownership or possession. *See United States v. Singh*, 979 F.3d 697, 727 (9th Cir. 2020) ("[The defendant] contends that *Rehaif* requires the Government to prove he knew not only his status, but also that he knew his status prohibited him from owning a firearm. But this interpretation is not supported by *Rehaif* . . . ."). As the Ninth Circuit has recognized, "Such an interpretation goes against the plain language of the statute and the Supreme Court's textual analysis of 'knowingly' in § 924(a)(2) . . . [and] would improperly raise the scienter requirement of § 924(a)(2) from 'knowingly' to 'willfully.'" *Id.* Moreover, even if Petitioner did allege he was innocent because he did not know he was a felon, his prior felonies prove otherwise. *United States v. Boglin*, 2022 U.S. Dist. LEXIS 15582, *8 (E.D. Pa. Jan. 28, 2022) ("Courts in this District generally find that where a defendant has been previously sentenced for a felony offense, he cannot prove actual innocence by asserting that he did not know he was convicted of a felony.")(collecting cases).

Accordingly, Petitioner has failed to overcome procedural default on Ground Four, and the Court should deny his claim on that basis. *See United States v. Smith*¸ 2021 U.S. Dist. LEXIS 34022, *8-10 (D. Nev. Feb. 24, 2021) (denying petitioner's 2255 claim that his plea was unknowing and involuntary because he was not informed by either his trial counsel or the Court of the *Rehaif* knowledge-of-status element because petitioner's claim was procedurally defaulted and petitioner failed to show prejudice where the government could easily prove knowledge because petitioner spent more than a year in prison).

       2. *Ground Five – MORE Act*

Petitioner asserts that the House of Representatives' passage of the MORE Act is a "new law" that decriminalizes marijuana and requires remand because his marijuana conviction "can't remain." ECF 50, at 9(c).

But the MORE Act is not new. A similar version of the act, known as the MORE Act of 2020, was introduced as H.R. 3884 on July 23, 2019, and was passed by the House of Representatives on December 4, 2020, one month after Petitioner's arraignment and over three months before his guilty plea.

*See https://www.congress.gov/bill/116th-congress/house-bill/3884* (visited on 6/27/22).  The MORE Act of 2020 also decriminalized marijuana and eliminated criminal penalties for an individual who possesses or distributes marijuana.  *Id.*  The bill died upon expiration of the 116th Congress.  *Id.*

Petitioner fails to show cause why he did not raise this issue in the district court when the MORE Act of 2020 passed the House of Representatives, the same circumstances alleged in his § 2255 claim.  Petitioner also cannot show prejudice because the MORE Act is not a validly enacted federal law and the Court lacks jurisdiction to resentence based on pending legislation, as explained in Part II, *supra*.  Ground Five has been procedurally defaulted and must be dismissed.

      3.   *Ground Six – Sentencing Error*

Petitioner contends that the "revised P.S.R." lowered his offense level to 17, with a criminal history category of IV, making his Guidelines range 27 to 33 months or 37 to 46 months, depending on whether the offense level 17 included the three-point deduction for acceptance of responsibility.  ECF 50, at 9(d)-(e).  Petitioner argues that his 58-month sentence was therefore outside the Guidelines range, and he demands that his case be remanded and his sentence vacated because the sentencing court did not explain its upward variance or address Probation's recommendation for a downward variance.  *Id.*

Petitioner again does not offer any cause for his failure to raise this sentencing issue on direct appeal, only explaining that raising the issue now in a § 2255 motion "will have the same effect."  *Id.*, at 10.  Certainly, the Probation calculations and final sentence were known to the defense in time for appeal.

More importantly, Petitioner cannot show prejudice because his allegations in Ground Six are erroneous.  The Revised Presentence Investigation Report issued on April 28, 2021, calculated that Petitioner had a total offense level of 23, with criminal history category VI, making his Guidelines range 92 months to 115 months.  ECF 44, at *Revised Sentencing Recommendation*.  The Court found that the four-level enhancement under USSG § 2K2.1(b)(6)(B) did not apply.  The Court therefore determined that Petitioner's Guidelines range was actually ████████, and varied downward from this range in sentencing Petitioner to 58 months concurrently on both counts.  Petitioner's case cannot be remanded to discuss an upward variance that does not exist.

   **C.**    **Petitioner's Grounds One, Two & Three Do Not Establish Ineffective Assistance of Counsel and Should Be Dismissed**

MTN. TO DISMISS PET.'S 28 U.S.C. § 2255 MTN
CR 18-613 BLF

12

Petitioner's ineffective assistance of counsel claims consist of the following contentions: that his counsel, Robert Lyons, was ineffective in failing to argue for credit for time served (Grounds One and Three), and in failing to get Petitioner's § 922(g) charge dismissed or use it as a mitigating factor after the government superseded the indictment to allege Petitioner's knowledge of his felon status following the *Rehaif* decision (Ground Two).  ECF 50, at 4-8(a).

To establish ineffective assistance of counsel, a petitioner must demonstrate that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense.  *See Strickland,* 466 U.S. at 687-96.  The court does not need to "address both components of the inquiry if the defendant makes an insufficient showing on one."  *Id.* at 697 (recognizing that it will "often" be "easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice").

Petitioner does not and cannot show that he was prejudiced by Mr. Lyons' failure to argue for credit for time served at sentencing, as alleged in Grounds One and Three.  For the reasons explained in Part I, *supra*, any request Mr. Lyons might have made for credit would have been denied because the sentencing court lacked jurisdiction to grant such credit.

Petitioner's Ground Two, that Mr. Lyons was ineffective in failing to argue that "the government should not have been allowed to do a superseding indictment" post-*Rehaif*, is similarly unavailing.  ECF 50, at 6(b).  Petitioner appears to argue that the government engaged in an ex post facto prosecution post-*Rehaif*, but *Rehaif* did not retroactively criminalize Petitioner's conduct.  Petitioner's possession of the firearm and ammunition was illegal at the time of the offense; *Rehaif* merely added to the government's burden of proof in enforcing a statute that already existed.  As one district court explained:

> *Rehaif* does not change at all those persons who can be prosecuted under § 922(g). Rather, it holds that when the Government does prosecute a person in one of the prohibited categories, it must prove he or she knew that they were in that category. As to § 922(g)(1), the same class of people now as before *Rehaif* is prohibited from possessing a firearm, to wit, those people who have been convicted of a felony. Now the Government must prove that they knew they had been thus convicted, a change in the procedure at trial, not in the classes of people liable.

*United States v. Whitmire*, 2020 WL 4333480, at *2 (S.D.Oh. July 28, 2020); *see also Mathis v. United* States, 2021 WL 1783285, at *3 (D.N.J. May 5, 2021) (*Rehaif* "is neither a substantive rule nor a 'watershed' rule, but a procedural rule clarifying the Government's burden to obtain a conviction under §

922(g)."). "Post-*Rehaif*, the 'range of conduct [and] the class of persons [§ 922(g)] punishes' remains the same." *United States v. McLaughlin,* 2022 U.S. Dist. LEXIS 107922, *21 (M.D. Pa. June 16, 2022) (citing *United States v. Welch*, 578 U.S. 120, 129 (2016)).

Petitioner has not established that he was prejudiced by Mr. Lyons' failure to challenge the Superseding Indictment. Petitioner has not cited any authority, and the government is not aware of any authority, that prohibits the government from superseding an indictment in these circumstances. It is highly unlikely that Mr. Lyons would have succeeded in getting the Superseding Indictment dismissed on this basis.

Furthermore, Petitioner has not presented any evidence that he did not know that he was a felon. Given that a prior felony conviction constitutes substantial evidence that a petitioner knew he was a felon, that Petitioner had six prior felony convictions, that Petitioner pled to being a Felon in Possession, and that Petitioner has not even alleged he did not know he was a felon, there is little probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

Petitioner has therefore failed to establish prejudice from any of counsel's alleged errors. No further inquiry into counsel's performance is necessary. *Id.* at 697. The Court should dismiss Petitioner's Grounds One, Two and Three for failure to demonstrate prejudice.

## CONCLUSION

Petitioner's § 2255 Motion should be dismissed because the Court lacks jurisdiction to rule on certain claims and the remainder are procedurally barred or insufficiently pled. For these reasons, Petitioner's § 2255 Motion should be dismissed with prejudice, and no further fact-finding by this Court is required.

DATED: June 27, 2022                           Respectfully submitted,

                                               STEPHANIE M. HINDS
                                               United States Attorney


                                               _____/s/_____
                                               MAIA T. PEREZ
                                               Assistant United States Attorney

MTN. TO DISMISS PET.'S 28 U.S.C. § 2255 MTN
CR 18-613 BLF
                                    14