**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff–Respondent,<br>v.<br>DONACIANO ANTONIO RENTERIA,<br>　　　　　Defendant–Petitioner. | Case No. 18-cr-00613-BLF-1<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS RENTERIA'S § 2255 MOTION; DISMISSING CLAIMS 2, 4, 5, AND 6 OF § 2255 MOTION; TRANSFERRING CLAIMS 1 AND 3 TO EASTERN DISTRICT OF CALIFORNIA**<br><br>PUBLIC REDACTED VERSION<br><br>[Re: ECF No. 62] |

Defendant–Petitioner Donaciano Antonio Renteria has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* ECF No. 50 ("§ 2255 Mot."). The Government has moved to dismiss the § 2255 motion. *See* ECF No. 62 ("MTD"). The time for Renteria to file a response to the motion has passed. For the reasons stated below, the Government's motion to dismiss is GRANTED IN PART. Claims 2, 4, 5, and 6 of the § 2255 motion are DISMISSED and Claims 1 and 3 are TRANSFERRED to the Eastern District of California.

**I.　BACKGROUND**

In December 2016, a grand jury indicted Renteria on charges of felon in possession of firearm and ammunition, 18 U.S.C. § 922(g)(1) (Count 1); and possession with intent to distribute marijuana, 21 U.S.C. § 831(a)(1) (Count 2). *See* Indictment, ECF No. 1. The Indictment included firearm and drug forfeiture allegations. *Id.* Renteria retained Robert Lyons as counsel. In October 2019, Renteria was charged in a superseding indictment that added 21 U.S.C.

§ 831(b)(1)(C) as a ground for Count 2.  *See* Superseding Indictment, ECF No. 9.  Judge Lucy H. Koh entered a final order of forfeiture on February 9, 2021.  ECF No. 40.

On March 17, 2021, Renteria entered an open plea of guilty to Counts 1 and 2 of the Superseding Indictment.  ECF No. 43.  Judge Koh sentenced Renteria to 58 months of imprisonment on each count (to be served concurrently) and 3 years of supervised release on each count (to be served concurrently).  ECF No. 47.  Judgment was entered on May 13, 2021.  ECF No. 48.  Renteria never filed a direct appeal with the Ninth Circuit.

On April 15, 2022, Renteria filed a § 2255 motion, asserting the following grounds for relief:

- Ground 1 – Ineffective Assistance of Counsel (Failure to Argue for Time Credits)
- Ground 2 – Ineffective Assistance of Counsel (Failure to Cite *U.S. v. Rehaif*)
- Ground 3 – Ineffective Assistance of Counsel (Failure to Argue for Time Credits for Electronic Monitoring)
- Ground 4 – Due Process Violations
- Ground 5 – New Laws Passed Dealing With Marijuana Convictions
- Ground 6 – Sentenced Using Wrong Scores

*See* § 2255 Mot. at 5(a)–(b), 6(a)–(c), 8(a), 9(a)–(e).  Renteria asks that the Court resentence him, giving him the "time credits for time spent on pre-trial" and vacating and expunging his guilty plea to Count 1 of the Superseding Indictment.  *Id.* at 13.[1]  The Court screened the § 2255 motion and ordered a response from the Government.  ECF No. 52.  The Court later granted the Government's motion for a limited waiver of Renteria's attorney–client privilege given Renteria's ineffective assistance of counsel claims.  ECF No. 61.  Renteria is currently confined at F.C.I. Herlong.  *See id.* at 1.

---

[1] Upon the filing of Renteria's § 2255 motion, the above-captioned criminal case was reassigned to the undersigned due to Judge Koh's elevation to the United States Court of Appeals for the Ninth Circuit.  A corresponding civil case was also opened.  *See Renteria v. United States*, No. 22-cv-2424 (N.D. Cal., filed Apr. 15, 2022).

## II. DISCUSSION

### A. Grounds 4, 5, and 6

The Government argues that Grounds 4, 5, and 6 are procedurally barred because Renteria did not pursue a direct appeal of these issues and has not raised grounds to excuse failure to pursue a direct appeal. *See* MTD at 8–12. The Government also argues that Ground 5 should be dismissed for lack of jurisdiction. *See id.* at 6–8. The Court agrees on both accounts.

"[C]laims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice," *Massaro v. United States*, 538 U.S. 500, 504 (2003), or actual innocence, *United States v. Guess*, 203 F.3d 1143, 1145 (9th Cir. 2000). Renteria did not file a direct appeal and he is not alleging actual innocence, so he must show cause and prejudice. Cause can be shown by demonstrating "that the procedural default is due to an 'objective factor' that is 'external' to [Renteria] and that 'cannot be fairly attributed to him.'" *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). "Attorney ignorance or inadvertence is not cause." *Bradford v. Davis*, 923 F.3d 599, 612 (9th Cir. 2019). To show prejudice where a petitioner pleaded guilty, he must demonstrate "a reasonable probability that, but for [these] errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 747 U.S. 52, 59 (1985).

The Court finds that Ground 4 is procedurally barred because Renteria has failed to show cause for not raising it on direct appeal. In Ground 4, Renteria argues that his due process rights were violated because (1) he never signed a plea agreement and thus was "unaware of any conditions under which he was no longer allowed to possess a firearm," (2) the information failed to allege he knew he was already a felon, (3) the Court did not fully advise him of the Government's burden to prove his knowledge that he was a felon, and (4) there were language barriers that prevented him from understanding the issues at his change of plea hearing. § 2255 Mot. at 9(a)–(b). Renteria has failed to show cause for failing to raise these arguments on direct appeal. His only statement to this effect is that raising these issues in this § 2255 motion will "have the same effect." § 2255 Mot. at 16. But this does not establish cause. *Manning*, 224 F.3d at 1133. Because Renteria has not established cause for failure to raise these issues in a direct

3

1   appeal, they are procedurally barred.[2]

2   The Court finds that Ground 5 should be dismissed because the Court lacks jurisdiction to
3   modify a sentence based on pending legislation. Ground 5 contends that pending legislation
4   decriminalizing marijuana requires his resentencing. § 2255 Mot. at 9(c)–(d). But the MORE Act
5   is not an enacted federal law because it has neither been passed by the Senate nor signed by the
6   President. *See* § 2255 Mot. at 9(c) (recognizing that the bill needs Senate approval). The Court
7   lacks jurisdiction to grant relief on claims that depend on pending legislation. *See, e.g.*, *Camacho-*
8   *Salazar v. United States*, 2014 U.S. Dist. LEXIS 64034, at *1 (E.D. Cal. May 6, 2014); *United*
9   *States v. Barranco-Flores*, 2012 WL 715238, at *1 (D. Ariz. Mar. 6, 2012). Because the Court
10  would lack jurisdiction to grant relief on this basis, Ground 5 does not state a claim for relief and
11  must be dismissed.

12  The Court also finds that Ground 6 is procedurally barred because Renteria has failed to
13  show prejudice from not raising it on direct appeal. In Ground 6, Renteria contends that his
14  sentence was calculated based on an incorrect criminal history score. § 2255 Mot. at 9(d)–(e).

15  ████████████████████████████████████████
16  ████████████████████████████████████████
17  ████████████████████████████████████████
18  ████████████████████████████████████████
19  ████████████████████████████████████████
20  ████████████████████████████████████████
21  ████████████████████████████████████████
22  ████████████████████████████████████████
23  ███████████████████████████████████ The Court
24  varied downward to a sentence of 58 months. *Id.* Renteria is incorrect that the Court varied
25  upward from the Guidelines, so Renteria cannot show prejudice from not raising this issue on

---

[2] Additionally, the Court notes that Renteria had a Spanish-interpreter for his change-of-plea hearing in March 2021 and his sentencing in May 2021. *See* ECF Nos. 43, 47.

4

direct appeal.  Ground 6 is thus procedurally barred.

Grounds 4, 5, and 6 are therefore DISMISSED.

### B.     Grounds 1, 2, and 3

As the Government recognizes, ineffective assistance of counsel claims may be brought in a § 2255 proceeding notwithstanding failure to raise them in a direct appeal.  *See Massaro*, 538 U.S. at 504–05.  To assert an ineffective assistance of counsel claim, a petitioner must demonstrate (1) counsel's deficient performance and (2) prejudice to his defense from the deficiency.  *Strickland v. Washington*, 466 U.S. 668, 687–96 (1984).  Because it will often be "easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice," a court does not need to "address both components of the inquiry if the defendant makes an insufficient showing on one."  *Id.* at 697.

Ground 2.  Ground 2 asserts an ineffective assistance of counsel claim based on counsel's failure to cite *United States v. Rehaif*, 139 S. Ct. 2191 (2019), for the proposition that the Government needed to allege in the original indictment that Renteria knew he was not permitted to possess a firearm as a felon.  § 2255 Mot. at 6(a)–(c).  Although the Government alleged this fact in the Superseding Indictment, Renteria says that the Government "should not have been allowed to do a superseding indictment" to add this allegation.  *Id.*  The Government argues that Renteria did not suffer prejudice for his counsel's failure to make this argument because *Rehaif* did not retroactively criminalize Renteria's conduct, but instead merely "added to the Government's burden of proof" in enforcing § 922(g).  MTD at 13–14.

The Court agrees with the Government.  Renteria appears to argue that *Rehaif* retroactively criminalized his conduct by substantively changing the scope of § 922(g).  *See* § 2255 Mot. at 6(b) (arguing that the original indictment must stand because "when [Renteria] committed the alleged crime, it was in a pre-*Rehaif* environment . . . and [*Rehaif*] change[d] the way new § 922(g) cases needed to be worded").  But courts post-*Rehaif* have rejected this argument.  *Rehaif* merely creates "a procedural rule clarifying the Government's burden to obtain a conviction under § 922(g)" and does not change the class of people covered by the statute.  *Mathis v. United States*, 2021 WL 1783285, at *3 (D.N.J. May 5, 2021); *see also United States v. Whitmire*, 2020 WL 4333480 at *2

(S.D. Ohio Jul. 28, 2020) ("*Rehaif* does not change at all those persons who can be prosecuted under § 922(g). . . . [T]he same class of people now as before *Rehaif* is prohibited from possessing a firearm . . . ."). Because *Rehaif* did not change the categories of persons who were covered by § 922(g), it did not *ex post facto* criminalize Renteria's actions. Contrary to Renteria's assertion otherwise, there was nothing prohibiting the Government from filing a Superseding Indictment to allege additional facts that would satisfy the Government's higher burden of proof post-*Rehaif*.

Because Renteria is incorrect about the effect of *Rehaif*, he did not suffer prejudice from his counsel's failure to make this argument, and Ground 2 does not state a claim for ineffective assistance of counsel. Ground 2 is thus DISMISSED.

<u>Grounds 1 and 3</u>. Grounds 1 and 3 assert ineffective assistance of counsel claims based on failure to argue for time credits. *See* § 2255 Mot. at 5(a)–(b), 8(a). The Government argues that Grounds 1 and 3 are subject to dismissal because the Court lacks jurisdiction to grant credit for time served and Renteria has not exhausted his administrative remedies. MTD at 4–6.

The Court agrees that it lacks jurisdiction to adjudicate Grounds 1 and 3. Claims challenging sentencing credit for time held in federal custody involve review of the execution of a sentence, rather than review of a district court's imposition of a sentence. *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). As such, those challenges must be brought under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2255. *Id.* But a § 2241 petition "must be filed in the district where the petitioner is confined." *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012). Grounds 1 and 3 both seek relief based on failure to give credit for alleged time served, *see* § 2255 Mot. at 5(a)–(b), 8(a), so they must be asserted in a § 2241 petition filed in the district in which Renteria is incarcerated. Because Renteria is incarcerated at F.C.I. Herlong, the Eastern District of California has jurisdiction over these Grounds. The Court accordingly lacks jurisdiction over Grounds 1 and 3 and will not consider the Government's other argument that Renteria has not presented evidence that he has exhausted administrative remedies.

Because the Court lacks jurisdiction over these Grounds, it must also consider whether it should transfer the motion (as to these Grounds) to the Eastern District of California. Transfer under 28 U.S.C. § 1631 is appropriate in a habeas case where "(1) the transferring court lacks

6

1  jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was

2  field; and (3) the transfer is in the interest of justice." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070,

3  1074 (9th Cir. 2001). The Court finds that these elements are met. This Court lacks jurisdiction,

4  and the Eastern District of California would have jurisdiction over these Grounds at the time they

5  were filed if Renteria's motion is construed as a § 2241 petition. The Court finds that the transfer

6  is in the interests of justice because dismissing Grounds 1 and 3 without prejudice to refiling may

7  put any refiled claims outside of the one-year statute of limitations for those claims. *Cf. Rasberry*

8  *v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006) (habeas petition filed outside statute of limitations

9  did not relate back to timely-filed habeas petition that was dismissed without prejudice to refiling).

10  The Court accordingly TRANSFERS Renteria's § 2255 motion as to Grounds 1 and 3

11  ONLY to the Eastern District of California.

### C. Certificate of Appealability

A movant may appeal a district court's dismissal of a § 2255 motion only after obtaining a certificate of appealability from the district court or circuit court. 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under this standard, the Court concludes that Renteria is not entitled to a certificate of appealability on Grounds 2, 4, 5, and 6. No reasonable jurist would find debatable the reasons for the Court's dismissal of Renteria's § 2255 motion as to Grounds 2, 4, 5, and 6.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**III.  ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that the Government's motion to dismiss is GRANTED IN PART and Renteria's § 2255 petition is DISMISSED as to Grounds 2, 4, 5, and 6.  The Court DECLINES to issue a certificate of appealability as to those Grounds.  The Court TRANSFERS Renteria's petition as to Grounds 1 and 3 only to the Eastern District of California.

Dated:  July 20, 2022

_____
BETH LABSON FREEMAN
United States District Judge